UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CURRENCY AND CURRENCY EQUIVALENT IN THE NAME OF OR CONTROLLED BY HERBERT JACOBI AS FURTHER DESCRIBED IN EXHIBIT A.<br><br>    Defendants. | Case No. 2:01-cv-01450-KJD(PAL)<br><br>**ORDER** |

AND RELATED THIRD PARTY ACTIONS

      Presently, before the Court is Claimant/Third Party Defendant Herbert Jacobi's Motion to Dismiss (#188). Third Party Claimants, Richard W. Stanczyk and Terry C. De Muth, filed a Response (#189), to which Claimant Jacobi filed a Reply (#190). For the reasons stated *infra*, the motion will be denied.

      I. Procedural History

      On April 26, 2006, Claimants Stanczyk and De Muth filed a Motion for Leave to File a Third Party Complaint. On August 11, 2006, after considering the opposition to that motion, the Court ordered (#172) that Claimants could file their proposed Third Party Complaint.

1    II.  Claimant Jacobi's Contentions

2    Claimant/Third Party Defendant Jacobi contends that the Third Party Complaint
3 should be dismissed on grounds that it fails to state any claim against the defendant property
4 upon which relief may be granted, fails to state any claim against Claimant/Third Party
5 Defendant Jacobi (Movant) upon which relief may be granted, fails to allege a claim of fraud
6 or conversion, and is barred by the applicable statutes of limitations.

7    III.  Analysis

8    A.  Statement of Claim against Defendant Property and Claimant Jacobi

9    In considering a motion to dismiss, "all well-pleaded allegations of material fact are
10 taken as true and construed in a light most favorable to the non-moving party."  Wyler
11 Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998)
12 (citation omitted).  However, a court does not necessarily assume the truth of legal
13 conclusions merely because they are cast in the form of factual allegations in a plaintiff's
14 complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).
15 There is a strong presumption against dismissing an action for failure to state a claim.  See
16 Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).
17 The issue is not whether plaintiff will ultimately prevail, but whether he may offer
18 evidence in support of his claims.  See id. at 249 (quoting Scheuer v. Rhodes, 416 U.S. 232,
19 236 (1974)).  Consequently, the court may not grant a motion to dismiss for failure to state a
20 claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of
21 his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957);
22 see also, Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995).   A claim is sufficient if it shows
23 that the plaintiff is entitled to any relief which the court can grant, even if the complaint
24 asserts the wrong legal theory or asks for improper relief.  See United States v. Howell, 318
25 F.2d 162, 166 (9th Cir. 1963).

26

Federal Rule of Civil Procedure 14(a) provides for service of a third party complaint "upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the plaintiff's claim". Movant contends that because the seizure action was filed against the currency, and not against an individual or entity, that third party plaintiffs cannot bring third party claims against the third party defendants. While this argument appears to make sense under the plain language of Rule 14, it is contrary to the policies underlying Rule 14 and has been rejected by courts that have permitted third party complaints by claimants in forfeiture proceedings. The decision to permit third party defendants to be impleaded is "entrusted to the sound discretion" of the trial court. Laffey v. Northwest Airlines, Inc. 567 F.2d 429 477 (D.C. Cir. 1976).

To the extent Movant is suggesting that third party claims cannot be resolved in the context of a forfeiture proceeding, he is incorrect. See, e.g., United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983)(holding that a third party claim may be asserted when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative).[1]

Here, the Third Party Complaint adequately alleges that Third Party Defendant Jacobi may be liable for all or part of Third Party Plaintiffs' claims. Third Party Plaintiffs also allege that the currency seized from Jacobi is proceeds from illegal actions taken by Jacobi and others that have affected the ownership and value of stock in AimRite. Plaintiffs' third party claims against Defendant Jacobi are derivative of the original forfeiture claim and dependant on the outcome of that claim. Accordingly, the Third Party Complaint is adequate for purposes of stating a claim upon which relief may be granted.

///

---

[1] It should be noted that Movant, Jacoby, himself has, in connection with his answer and claim filed in this action, asserted a third party complaint against Robert Potter. (#16)

### B. Pleading Fraud and Conversion

Rule 9(b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. The Third Party Complaint sets forth the entire fraudulent scheme undertaken by Third Party Defendant Jacobi, including the conversion of AimRite stock or the value of the stock belonging to Third Party Plaintiffs. Specifically, the Third Party Complaint asserts that Third Party Defendant Jacobi participated in a scheme in which false representations of "free trading" stock (obviously part of a "pump and dump" stock fraud scheme) were made. Movant's claim, that this is insufficient to allege a false representation, is disingenuous.

### C. Limitation of Actions

The Court has already addressed the matter of timeliness of the Stanczyk and De Muth claims (#172). For actions based on fraud and conversion, the period of limitations runs from the discovery of the fraud or conversion. As set forth in their motion for leave to file third party complaint, Third Party Plaintiffs were not aware of Third Party Defendant Jacobi's fraud until they filed their motion in April of 2006. This allegation is sufficient to survive the instant motion to dismiss.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Claimant/Third Party Defendant Jacobi's Motion to Dismiss (#188) is DENIED.

DATED this 28th day of September 2007.

_____
Kent J. Dawson
United States District Judge

4